UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARVEY M. ALPER D/B/A THE LAW OFFICES OF HARVEY M. ALPER, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>    vs.<br><br>IRON MOUNTAIN INFORMATION MANAGEMENT, INC., a Delaware Corporation,<br><br>                 Defendant. | **CIVIL ACTION NO.**<br><br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Nationwide Class Action Complaint**

**Introduction**

Plaintiff Harvey Alper d/b/a The Law Offices of Harvey M. Alper

("Plaintiff"), individually and, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on behalf of all others similarly situated ("Class members"), brings

this nationwide class action against Defendant Iron Mountain Information

Management, Inc. ("Iron Mountain") to stop its unfair and deceptive billing

practices and to obtain damages and relief for all persons injured by its conduct.

*///*

*///*

**Nature of Action**

1.      This action arises from Iron Mountain's deceptive billing practices.
Over the years, Iron Mountain's customers have been forced to forgo monies not
owed to, but retained by, Iron Mountain under two sets of circumstances.  In the
first instance, Iron Mountain has refused to refund or credit its customers who
have inadvertently overpaid their bills due to the misleading and confusing
configuration of payment information on Iron Mountain's invoices.  In the second
instance, Iron Mountain has assessed a "finance charge" to customers who did
not pay their bill on or before the due date, without any provision in the Customer
Agreement permitting such a charge.  Together, these deceptive billing practices
have exploited more than 140,000 customers who have utilized Iron Mountain's
services.

2.      As a result of Iron Mountain's active unfair and deceptive billing
practices, Plaintiff and the Class members have been forced to forego monies
not owed to, but retained by, Iron Mountain, thereby unjustly enriching Iron
Mountain at the literal expense of Plaintiff and the Class members.

3.      Plaintiff, individually and on behalf of all Class members, seek
damages, injunctive and declaratory relief for Iron Mountain's violations of M.G.L.
ch. 93A §§ 2 and 9 and the common law.

**Jurisdiction and Venue**

4.      This Court has diversity jurisdiction over the claims in this
Complaint that arise under the statutory and common law of the Commonwealth
of Massachusetts pursuant to 28 U.S.C. § 1332(d)(2), because Plaintiff, as a

member of the proposed Class, is a citizen of a different state from the

Defendant.

5.      This Court also has supplemental jurisdiction over the claims in this

Complaint that arise under the statutory and common law of the Commonwealth

of Massachusetts pursuant to 28 U.S.C. § 1367(a), because the state law claims

are so related to the federal claims that they form part of the same case or

controversy and derive from a common nucleus of operative facts.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391

because Iron Mountain resides in this District under § 1391(a) as a result of it

maintaining its headquarters, or principal place of business, within this District.

**Parties**

7.      Plaintiff HARVEY M. ALPER is and has been a Florida resident

residing in Maitland at all times relevant to this action.  Plaintiff is a solo

practitioner with a general law practice in Altamonte Springs, including probate,

dispute resolution, civil litigation and business.  Plaintiff hired Iron Mountain for its

document management and storage services.

8.      Defendant IRON MOUNTAIN INFORMATION MANAGEMENT,

INC. is a Delaware corporation with its principal place of business in Boston,

Massachusetts at 745 Atlantic Avenue, Boston, MA. 02111 and is the world's

largest information management company.  Iron Mountain offers records

management and data protection solutions to more than 140,000 customers.  As

of June 2007, the aggregate market value of Iron Mountain's common stock held

by non-affiliates exceeded $ 4 billion, with more than two-hundred million shares

**CLASS ACTION COMPLAINT**

of stock issued.  For 2009, Iron Mountain's projected year-end revenue exceeds

$ 3 billion.  Iron Mountain may be served through its registered agent, The

Prentice-Hall Corporation System, Inc., at 84 State Street, Boston, MA 02110.

### Substantive Allegations

9.     Iron Mountain provides the above described services to its clients

pursuant to written contractual agreements.  Pursuant to its Customer

Agreements with its customers, at least on a monthly basis, Iron Mountain

submits "billing statements" to its customers.  A copy of the Customer Agreement

between Plaintiff and Iron Mountain is attached as Exhibit 1.

10.     Upon information and belief, the Customer Agreement is a form

contract which is used by Iron Mountain with all of its customers.

11.     Iron Mountain has created and implemented a deceptive billing

scheme by configuring those billing statements in such a manner that the

statements are likely to deceive customers into overpaying their bills.  An

example of an Iron Mountain billing statement is attached hereto as Exhibit 2.

12.     Specifically, the billing statements contain several headings with

corresponding dollar amounts underneath.  The "Due Now" heading appears in

the middle of the page, rather than at the far right side where one would logically

expect to find it.  Instead, on the far right side is a column headed "Amount After

Due Date."  Notably, the "Amount After Due Date" heading begins with the words

"Pay This Amount…"  However, the "Due Now" heading deceptively contains no

such prefatory language.  Adding to the deception, Iron Mountain has separated

the "Due Now" and "Amount After Due Date" headings by a third and ambiguous

heading entitled "Finance Charge After Due Date."  Finally, the " Due Date" which would purportedly trigger the obligation to pay the different amounts is deceptively placed on the upper right-hand side of page, which is set apart from the rest of the payment information, leading to greater confusion.  Accordingly, customers are likely to be confused by this overly complicated and deceptive billing statement configuration.  As a result, customers who have paid their bills on time have been deceived into overpaying their bills by paying the "Amount After Due Date" on the far right-hand side of the page, rather than the "Due Now" amount.

13.     Indeed, that is exactly what happened to Plaintiff.  For example, from January to June of 2005, Plaintiff's invoices identified an amount owed of $75.00 under the heading "Due Now", and $75.94 under the "Pay This Amount…" heading on the far right of the invoice.  Plaintiff timely paid his bills, but mistakenly overpaid each one of his bills by $0.94.  The following month's invoice did not recognize the overpayment and did not provide any reimbursement or credit back for any such overpayment.  To illustrate the deceptive billing practice during this time period, a copy of Plaintiff's February 2005 invoice and payment is attached hereto as Exhibit 3.  To date, Iron Mountain has not credited the overpayments back into Plaintiff's account, nor has it otherwise reimbursed him.

14.     In addition to being misled into paying the "Amount After Due Date", and then not being provided with reimbursement for a timely payment, Iron Mountain has also penalized Plaintiff for untimely payments by imposing a

"finance charge."  Specifically, Plaintiff was charged an additional $2.13 for not paying his November invoice by the due date of December 30, 2009.  A copy of the invoice and payment is attached hereto as Exhibit 4.  However, there is no provision in the Customer Agreement that permits Iron Mountain to levy a "finance charge" to customers.  The only provision in the Customer Agreement that addresses late payments is a provision that permits Iron Mountain to charge a "late fee" on any unpaid balance in the amount of 15% per annum which is to be compounded *monthly*.  *See* Exhibit 1, Customer Agreement at ¶ 17.  In short, because Iron Mountain has decided that the late fee is to be compounded monthly, as opposed to daily, by the plain language of the contract, 30 days must expire from the date payment is due before Iron Mountain is entitled to charge customers with late fees.  Therefore, Iron Mountain has no right to levy a "finance charge" or even a "late fee" in the manner set forth in the invoice.

15.     The only reason Iron Mountain engaged in these confusing and misleading billing practices is to collect unwarranted and inappropriate overpayments from its more than 140,000 customers.  Upon information and belief, such practices improperly generated substantial revenue from all of Iron Mountain's customers.  To allow Iron Mountain to continue to engage in these practices is akin to telling Iron Mountain that "it pays to be misleading."

16.     Due to Iron Mountain's deceptive billing practices and its failure to provide a credit for overpayments, which are described herein, and its levying of improper "finance charges," which are described herein, Plaintiff and the Class

members have been forced to forego monies not owed to, but retained by, Iron

Mountain for services rendered.

## Class Action Allegations

17.    Plaintiff brings this nationwide Class action pursuant to Rule 23(a)

and (b)(3) of the Federal Rules of Civil Procedure as follows:

> All customers of Iron Mountain Information Management, Inc., who
> made an excess payment or payments to the corporation for
> services rendered any time from January 2005 through the present
> time and did not receive credit or who were assessed a "finance
> charge" for not paying their bills within 30 days of the due date,
> excluding all federal, state and governmental entities, and Iron
> Mountain, its co-conspirators, and its respective predecessors,
> subsidiaries, affiliates, and business partners.

18.    The Class is so numerous that joinder of all members is

impracticable.  Iron Mountain is one of the world's largest information

management companies, offering records management and data protection

solutions to more than 140,000 customers.  The identity and exact number of the

Class members is unknown but can be ascertained from Iron Mountain.  Plaintiff

anticipates the total membership of the Class numbers in the thousands.

19.    Upon information and belief, Iron Mountain implements a uniform

practice of processing its customers' bills at the same location at Iron Mountain

Records Management in New York, New York.  Plaintiff alleges that his bills were

handled and processed in the same manner as each and every one of Iron

Mountain's customers, including the Class Members.

20.    Plaintiff's claims are typical of those of other Class members, all of

whom have suffered harm due to Iron Mountain's uniform course of conduct.

Plaintiff is a member of the Class.  Specifically, upon information and belief, all of

**CLASS ACTION COMPLAINT**

the relevant terms of the form Customer Agreements between Iron Mountain and members of the Class are identical to Plaintiff's.  In particular, like Plaintiff, not a single class member has an agreement with Iron Mountain which mentions a "finance charge."  Like Plaintiff, not a single class member has an agreement with Iron Mountain which permits Iron Mountain to retain overpayments.  Like Plaintiff, not a single class member has an agreement with Iron Mountain which permits the levying of "late payments" until 30 days after the due date of any invoiced amount.

21.    Common questions of law and fact affect each and every Class member.  These common questions of law and fact predominate over any questions affecting only individual members of the Class.  Common questions include:

a.    Whether Iron Mountain can retain overpayments by its customers;

b.    Whether Iron Mountain can levy "finance charges";

c.    Whether and when Iron Mountain can impose a "late fee";

d.    Whether the conduct of Iron Mountain, as alleged in this complaint, violated M.G.L. ch. 93A;

e.    Whether the Class has been injured by virtue of Iron Mountain's deceit/carelessness and/or deceptive billing practices pursuant to M.G.L. ch. 93A.;

f.    Whether Iron Mountain received money from its customers that it was not owed;

g.     Whether the conduct of Iron Mountain, as alleged in this Complaint, caused injury to Plaintiff and/or other members of the Class;

h.     The appropriate measure of damages sustained by Plaintiff and/or other Class members;

i.     Whether Iron Mountain breached its contract with the Plaintiff and/or other members of the class; and

j.     Whether the Class members are entitled to damages for unjust enrichment and/or monies had and received.

22.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in Class actions and complex litigation as his counsel.

23.     A Class action is superior to other methods for fair and efficient adjudication of this controversy.  Treatment as a Class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many of the Class members who otherwise could not afford to litigate the claims as asserted in this Complaint.  This Class action presents no difficulties in management that would preclude maintenance of a Class action.  Furthermore, the Class is readily definable as one for which records of names and addresses of the members of the Class exist in the files of the Iron Mountain.

## FIRST CAUSE OF ACTION

## (Unfair and Deceptive Acts or Practices under Massachusetts Consumer Protection Act M.G.L. ch. 93A *et seq.*)

24.    Plaintiff repeats and realleges paragraphs 1 through 23 above as set forth in full.

25.    Iron Mountain's acts, conduct and billing practices, as alleged in this Complaint, constitute unfair and deceptive acts and practices that have caused injuries to Plaintiff and to numerous other persons similarly situated, within the meaning of M.G.L.  ch. 93 A *et seq.*

26.    Iron Mountain has engaged in unfair and deceptive acts and practices by creating misleading and confusing invoices whereby its customers mistakenly overpay for services rendered and then retain the overpayments without refunding or crediting the money back into its customers' accounts. Additionally, Iron Mountain has engaged in the unfair and deceptive conduct of assessing "finance charges" against customers who did not pay their bills on or before the due date, even though there is no such authority for such practice.

27.    Iron Mountain's acts, conduct and billing practices, as alleged herein, are unfair in that Plaintiff and the Class members have been forced to forego monies not owed to, but retained by, Iron Mountain.  Similarly, Iron Mountain's conduct is immoral, unethical, oppressive and/or unscrupulous and has caused substantial injuries to Plaintiff, the Class members and the general public.

CLASS ACTION COMPLAINT

28.     By retaining money mistakenly paid to it from customers who had been misled and/or confused by its invoices, Iron Mountain has engaged in unlawful conduct within the meaning of M.G.L. ch. 93A §§ 2, 9 & 11.

29.     Iron Mountain's refusal to grant reasonable relief to Plaintiff upon receiving Plaintiff's March 10, 2010 demand letter was in bad faith, with knowledge or reason to know that the acts and practices complained of violated M.G.L. ch. 93A §§ 2, 9 & 11.

30.     As a result of the violations of Massachusetts law alleged in this Complaint, Iron Mountain has been, and will be, unjustly enriched at the literal expense of Plaintiff and the Class members.

31.     Plaintiff, on behalf of himself and all others similarly situated, seeks an order, including without limitation: (1) creation of a fund to provide Plaintiff and the Class members compensation for being forced to forego monies in the form of overpayments not owed to, but retained by, Iron Mountain; (2) an order directing Iron Mountain to stop engaging in the misleading billing practices described herein; (3) any other relief the Court deems to be necessary and proper, in accordance with Massachusetts Consumer Protection Act M.G.L. ch. 93A *et seq.* and for such other relief as set forth below.  Plaintiff and the Class members also seek multiple damages and reasonable attorneys' fees and costs, irrespective of the amount in controversy, in accordance with M.G.L. ch. 93A § 9.

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

### (Unjust Enrichment/Restitution)

32.    Plaintiff repeats and realleges paragraphs 1 through 31 above as if set forth in full.

33.    Through its deceptive billing practices, as described herein, Iron Mountain has received both overpayments for services rendered, and improper and excessive "finance charges" and "late fees" assessed against Plaintiff and others.  The act of retaining this money without it being owed constitutes unfair and deceptive business practice.

34.    Iron Mountain did not obtain this money through legitimate means, but rather by creating a confusing invoice layout whereupon Plaintiff and the Class members mistakenly overpaid for services rendered by Iron Mountain by paying the "Amount After Due Date," instead of the actual amount "Due Now." Additionally, Plaintiff and the Class members have wrongfully been assessed "finance charges" and/or "late fees" for not paying their bills on or before the due date.  Iron Mountain has benefited from receipt of this money.  Iron Mountain's receipt of this money was wrongful, and Iron Mountain cannot justly be allowed to retain this money it would not have received but for its unfair and deceptive practice of refusing to refund or credit its customers who have overpaid for services rendered.

35.    As the direct and proximate result of Iron Mountain's wrongful conduct as set forth herein, Iron Mountain has been unjustly enriched.

36.   Under the principles of equity and good conscience, Iron Mountain should not be allowed to retain any monies obtained through the wrongful means described herein, and should be ordered to disgorge and return all such monies to Plaintiff and the Class.

## THIRD CAUSE OF ACTION

### (Money Had and Received)

37.   Plaintiff repeats and realleges paragraphs 1 through 36 above as if set forth in full.

38.   Through its deceptive billing practices, as described herein, Iron Mountain has received both overpayments for services rendered, and improper and excessive "finance charges" and "late fees" assessed against Plaintiff and others.

39.   As a result of its deceptive billing practices, as set forth herein, Plaintiff and the Class members mistakenly overpaid Iron Mountain for services rendered by paying the "Amount After Due Date" instead of the amount "Due Now" and wrongfully paid late charges to Iron Mountain that were not warranted.

40.   Iron Mountain received money from its customers that it was not owed.

41.   Rather than refunding or crediting its customers' accounts, Iron Mountain retained the money belonging to Plaintiff and the Class Members.

42.   As a direct and proximate result of Iron Mountain's wrongful conduct as set forth herein, Iron Mountain benefited from receiving the money

that was inappropriately charged and/or mistakenly paid to Iron Mountain by Plaintiff and the Class members.

43.     Under the principles of equity and good conscience, Iron Mountain should not be allowed to retain any monies obtained through the wrongful means described herein, and should be ordered to disgorge and return all such monies to Plaintiff and the Class.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

44.     Plaintiff repeats and realleges paragraphs 1 through 43 above as set forth in full.

45.     The Customer Agreement executed by Iron Mountain and its customers was a contract supported by valid consideration, whereby customers agreed to pay Iron Mountain and Iron Mountain, in turn, agreed to provide services to the customers.

46.     The Class members are those customers that performed by paying for the service(s) they received from Iron Mountain.

47.     Iron Mountain's actions and conduct are in direct violation of its own Customer Agreements.

48.     Specifically, the Customer Agreement provides the following provision:

> 17.     Payment.  Payment terms are net, thirty (30) days. … Customer shall be liable for late charges at the rate of fifteen percent (15%) per annum, compounded monthly, on unpaid balances and all expenses incurred in collection…

**CLASS ACTION COMPLAINT**

49.     Iron Mountain breached this provision by charging fees to penalize customers immediately, instead of waiting the requisite 30 day time period, as is required by the Customer Agreements.

50.     Further, while the Customer Agreement purports to contain the "Terms and Conditions" governing both Iron Mountain and the customer, it says nothing about charging a "finance charge," although one appears on the Plaintiff's invoice.

51.     As a direct and proximate result of Iron Mountain's breach of the Customer Agreement as set forth herein, Plaintiff and the Class overpaid for services rendered and have thus been forced to forego monies not owed to, but retained by, Iron Mountain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment against Iron Mountain as follows:

1.     That the Court determines that this action may be maintained as a Class action under Rule 23 of the Federal Rules of Civil Procedure and direct that reasonable notice of this action be given to members of the Class;

2.     That judgment be entered in favor of the Plaintiff and the Class against Iron Mountain;

3.     Creating a fund to provide Plaintiff and Class members compensation for being forced to forego monies in the form of overpayments not owed to, but retained by, Iron Mountain;

**CLASS ACTION COMPLAINT**

4.      Ordering Iron Mountain to stop engaging in the misleading billing practices described herein;

5.      Ordering Iron Mountain to stop retaining overpayments of its customers;

6.      Ordering Iron Mountain to stop assessing "finance charges" on payments made within 30 days of the due date;

7.      For any other and further equitable relief, including, without limitation, restitutionary relief, and/or disgorgement of wrongfully gained monies, revenue or profit;

8.      Awarding multiple damages, reasonable costs, including experts' fees and attorneys' fees and expenses, and the costs of prosecuting this action in accordance with M.G.L. ch. 93A; and

9.      Awarding such other relief as the Court deems to be necessary and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

**CLASS ACTION COMPLAINT**

DATED:  June 11, 2010                    BUBALO, HIESTAND & ROTMAN, PLC


                                         By:      /S/Paula Bliss
                                                STEVEN ROTMAN
                                                PAULA BLISS
                                                KIM DOUGHERTY

                                         277 Dartmouth Street, 3rd Floor
                                         Boston, Massachusetts 02116
                                         Telephone:  (617) 247-1103
                                         Facsimile:  (502) 753-1601
                                         E-mail: srotman@bhtriallaw.com
                                                  pbliss@bhtriallaw.com
                                                  kdougherty@bhtriallaw.com



                    *Of Counsel, pending Pro Hac Admission*


DATED:  June 11, 2010                    PANISH, SHEA & BOYLE LLP


                                         By:      /S/ Brian J. Panish
                                                BRIAN J. PANISH
                                                RAHUL RAVIPUDI

                                         11111 Santa Monica Blvd., Suite 700
                                         Los Angeles, California 90025
                                         Telephone: (310) 477-1700
                                         Facsimile:  (310) 477-1699
                                         E-mail: panish@psblaw.com
                                                  ravipudi@psblaw.com

**CLASS ACTION COMPLAINT**

DATED:  June 11, 2010         MECKLER BULGER TILSON MARICK &
PEARSON, LLP


By:      /S/ Michael Leonard
           MICHAEL I. LEONARD
           JONATHAN D. LICHTERMAN

123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
Facsimile:  (312) 474-7898
E-mail:  michael.leonard@mbtlaw.com
         jonathan.lichterman@mbtlaw.com

18
**CLASS ACTION COMPLAINT**